## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| DENNIS E. HOLMAN AND YOLANDA HOLMAN | CIVIL ACTION 11-1864 |
| VERSUS | JUDGE ROBERT G. JAMES |
| W-INDUSTRIES OF LOUISIANA, LLC, ET AL. | MAG. JUDGE KAREN L. HAYES |

### RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 77] filed by Third-Party Defendants MMR Group, Inc., ("MMR Group").  For the following reasons, the Motion for Summary Judgment is GRANTED.

**I.     FACTS**

Plaintiffs Dennis and Yolanda Holman ("Holmans") filed suit against Defendants W-Industries of Louisiana, LLC ("W-Industries"), Liebert Services, Inc., and Emerson Network Power.  The Holmans assert claims against the Defendant based on injuries allegedly received by Mr. Holman on November 3, 2010, when he was working as a production operator for Greystar Corporation aboard the ATP TITAN.  The Holmans contend that Mr. Holman was injured when he slipped on a wet stairway after the facility's emergency shut-down system and accompanying water deluge system were inappropriately triggered.   They further contend that Defendants are liable because their technicians serviced or repaired the emergency shut-down system on the day of the accident and it was their negligence which caused the improper triggering.

W-Industries brought a third-party complaint against MMR Group, alleging that it "commissioned, installed, and/or performed instrumentation and electrical work upon the emergency shut down and deluge system." [Doc. No. 26].  However, MMR Constructors, Inc., not MMR Group, performed work on the ATP TITAN. [1]

## II.   LAW AND ANALYSIS

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."   FED. R. CIV. P. 56(c)(2).  The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact.  *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial.  *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994).  The nonmoving party must show more than "some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  In evaluating the evidence tendered by the parties, the Court

---

[1] Although given ample time to do so, W-Industries has not moved to amend its Complaint to add MMR Constructors, Inc., as a Third Party Defendant.

must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

In this case, W-Industries has not filed an opposition.  Thus, MMR Group's statement of uncontested material facts is deemed admitted for the purposes of the instant motion.  Local Rule 56.2.

Based on the above-referenced facts and applying the appropriate law, it is clear that W-Industries has no cause of action against MMR Group and is entitled to summary judgment in its favor.

## III.   CONCLUSION

For the foregoing reasons, MMR Group's Motion for Summary Judgment [Doc. No. 77] is GRANTED, and all claims against MMR Group are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 19th day of August, 2013.

**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**